UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

---

| | |
|---|---|
| **BOBBY RAY TOBIN** | **CIVIL CASE NO. 22-2605** |
| **VERSUS** | **JUDGE EDWARDS** |
| **LA DEPT. OF TRANSPORTATION & DEVELOPMENT, ET AL** | **MAGISTRATE JUDGE MCCLUSKY** |

---

## MEMORANDUM RULING AND ORDER

Before this Court is a Rule 12(b)(6) Partial Motion to Dismiss (R. Doc. 64) filed by the Louisiana Department of Transportation and Development ("DOTD") and Anthony Boone ("Boone") (collectively, "Defendants"). Bobby Tobin ("Tobin") opposes the motion (R. Doc. 71). Defendants replied to Tobin's opposition (R. Doc. 72).

After careful consideration of the parties' memoranda and the applicable law, Defendants' Partial Motion to Dismiss is **GRANTED IN PART AND DENIED IN PART.**

### I. BACKGROUND

On June 25, 2020, Tobin was hired by the DOTD as a Mobile Equipment Manager 1 under the supervision of Boone.[1] That same day, Tobin and other co-workers were Flagging on Highway 169 when Jane Doe, an unknown co-worker, began recording Tobin while he was singing and dancing.[2] Jane Doe then sent this

---

[1] *See* R. Doc. 62, ¶ 5.
[2] *See* R. Doc. 62, ¶ 6.

video recording to Tobin, who is unaware of how Jane Doe obtained his cell phone number.[3] The next day, on June 26, Tobin was speaking to Anthony Pedro ("Pedro") when Jane Doe approached Tobin "from behind and hugged him, placing her breast on his back."[4]

Following these events, Tobin contacted Crystal Toliver ("Toliver") in HR who did not take a report of the situation, but told Tobin to "record it" if such events continued.[5] On October 20, 2020, Tobin, Pedro, and Jane Doe were on an assignment laying asphalt on East 70th Street in Shreveport.[6] While Tobin was working, Jane Doe approached him and grabbed his buttocks.[7] Tobin asked her to stop and reported the incident to Toliver. Tobin also informed Melvin Anderson ("Anderson"), Boone's supervisor, of the situation, and Anderson said he would handle it.[8]

On October 21, 2020, while Tobin was waiting to receive work assignments from Boone, Boone exited the office and approached Tobin with two knives and said, "I'll cut your ass up."[9] Tobin once again reported the incident to Toliver.[10] On October 26, 2020, Tobin was informed by Anderson that his employment had been terminated and he should expect to receive a letter in the mail saying the same.[11]

---

[3] *See* R. Doc. 62, ¶ 7.
[4] *See* R. Doc. 62, ¶ 8.
[5] *See* R. Doc. 62, ¶ 9.
[6] *See* R. Doc. 62, ¶ 10.
[7] *See* R. Doc. 62, ¶ 10.
[8] *See* R. Doc. 62, ¶ 11.
[9] *See* R. Doc. 62, ¶ 12.
[10] *See* R. Doc. 62, ¶ 12.
[11] *See* R. Doc. 62, ¶ 14.

On August 11, 2022, Tobin, pro se, filed his initial complaint.[12] Tobin filed his First Amended Complaint on July 8, 2024, after obtaining counsel,[13] and his Second Amended Complaint on January 31, 2025.[14] In his Second Amended Complaint, Tobin alleges claims of discrimination, retaliation, sexual harassment, and hostile work environment under Title VII of the Civil Rights Act ("Title VII").[15] Plaintiff further alleged an assault claim against Boone under Louisiana Law.[16]

## II. LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[17] "This requirement provides opposing parties 'fair notice of what the claim is and the grounds upon which it rests.'"[18] In ruling on a 12(b)(6) motion, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff."[19] A court may rely on the complaint, its attachments, "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."[20] "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts to state a claim to relief that is plausible on its face."[21] As the United States Supreme Court has explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

---

[12] *See* R. Doc. 1.
[13] *See* R. Doc. 49.
[14] *See* R. Doc. 62.
[15] *See* R. Doc. 62.
[16] *See* R. Doc. 62.
[17] FED. R. CIV. P. 8(a)(2).
[18] *Bell Atl. Corp v. Twombly*, 550 U, S. 544, 555 (2007) (citation omitted).
[19] *In re Katrina Canal Breaches Litig.,* 495 F.3d 191, 205 (5th Cir.2007) (internal quotation marks omitted).
[20] *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)).
[21] *In re Katrina*, 495 F.3d at 205 (quoting *Twombly*, 550 U.S. at 569).

defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.[22]

This plausibility standard calls for enough facts "to raise a reasonable expectation that discovery will reveal evidence" to support the elements of the claim; however, mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" do not suffice.[23] "A court should not dismiss a complaint with properly pled factual allegations, even if it strikes [the court] that actual proof of those alleged facts is improbable."[24] However, "factual allegations must be enough to raise a right to relief above the speculative level."[25] Ultimately, motions to dismiss under Rule 12(b)(6) "are viewed with disfavor and are rarely granted."[26]

### III. LAW AND ANALYSIS

#### a. Title VII Claims Against the Individual Defendants as "Employers"

Title VII protects employees from their employer's unlawful actions.[27] A Title VII employer is defined as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such person …."[28]

---

[22] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations and quotation marks omitted).
[23] *Id.* (citation omitted).
[24] *Bazinet v. Beth Israel Lahey Healthy, Inc.*, 113 F.4th 9, 15 (5th Cir. 2024) (quoting *Twombly*, 550 U.S. at 556) (cleaned up).
[25] *Twombly*, 550 U.S. at 555.
[26] *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 570 (5th Cir.2005).
[27] *Thompson v. N. Am. Stainless, LP*, 562 U.S. 170, 178 (2011).
[28] 42 U.S.C. § 2000e(b).

The Fifth Circuit has repeatedly held that Title VII does not impose individual liability.[29] Thus, Boone and Jane Doe, in their individual capacities, are not "employers" under Title VII. Accordingly, Tobin's Title VII claims against Boone and Jane Doe in their individual capacities are dismissed.

### b. Title VII Sex Discrimination Claim Against DOTD

"At the Rule 12(b)(6) stage, our analysis of the Title VII claim is governed by *Swierkiewicz v. Sorema N.A.,* [ ][30]—and not the evidentiary standard set forth in *McDonnell Douglas Corp. v. Green,* [ ][31]."[32] Under *Swierkiewicz*, "there are two ultimate elements a plaintiff must plead to support a disparate treatment claim under Title VII: (1) an adverse employment action, (2) taken against a plaintiff *because of* [his] protected status."[33]

DOTD argues that Tobin does not state a cognizable claim for sex discrimination in his Second Amended Complaint.[34] In making this argument, DOTD utilized the framework set forth in *McDonnell Douglass*.[35] "When a complaint purports to allege a case of circumstantial evidence of discrimination, it may be

---

[29] *See, e.g.*, *Smith v. Amedisys Inc.*, 298 F.3d 434, 448–49 (5th Cir. 2002) ("This circuit has held that there is no individual liability for employees under Title VII."); *Ackel v. Nat'l Commc'ns, Inc.*, 339 F.3d 376, 381 n.1 (5th Cir. 2003) ("Individuals are not liable under Title VII in either their individual or official capacities."); *Bellue v. Gautreaux*, 782 Fed. Appx. 350, 351 n.1 (5th Cir. 2019) ("Individuals are not subject to Title VII.").
[30] 534 U.S. 506 (2002).
[31] 411 U.S. 792 (1973).
[32] *Olivarez v. T-mobile USA, Inc.*, 997 F.3d 595, 599 (5th Cir. 2021).
[33] *Id.* at 599–600 (emphasis in original) (citing *Swierkiewicz*, 534 U.S. at 510–12).
[34] *See* R. Doc. 64-2 at 5–6.
[35] *See* R. Doc. 64-2 at 5–6. Under the *McDonnell Douglas* framework, the plaintiff bears the burden of establishing a prima facie case of sex discrimination by showing he: (1) is a member of a protected group; (2) was qualified for the position at issue; (3) was discharged or suffered some adverse employment action by the employer; and (4) was replaced by someone outside his protected group or was treated less favorably than other similarly situated employees outside the protected group. *Morris v. Town of Indep.*, 827 F.3d 396, 400 (5th Cir. 2016).

helpful to refer to *McDonnell Douglass* to understand whether a plaintiff has sufficiently pleaded an adverse employment action taken '*because of*' his protected status as required under *Swierkiewicz*."[36] DOTD asserts that Tobin's complaint fails to allege that he was treated less favorably than a similarly situated employee outside his protected class.[37]

In his opposition, Tobin simply argues that his claims are "valid and well supported in law in facts," and that he can cure any alleged defects with another amended complaint.[38] Applying the principals from *Swierkiewicz* and *McDonnell Douglas* here, Tobin has failed to plead any facts indicating less favorable treatment than others "similarly situated" outside of his class. In fact, his Second Amended Complaint does not contain any facts about comparators at all. It simply alleges three claims against Jane Doe and that HR failed to properly investigate these claims.[39] Further, the complaint presents no other facts sufficient to "nudge[ ] [the] claims across the line from conceivable to plausible."[40] Accordingly, the Court finds that Tobin has not sufficiently pled a claim of sex discrimination under Title VII, and Tobin's sex discrimination claim under Title VII is dismissed with prejudice.

---

[36] *Olivarez*, 997 F.3d at 600 (emphasis in original) (citing *Cicalese v. Univ. of Texas Med. Branch*, 924 F.3d 762, 767 (5th Cir. 2019)).
[37] *See* R. Doc. 64-2 at 5.
[38] *See* R. Doc. 71-1 at 4.
[39] *See* R. Doc. 62, ¶¶ 17–19.
[40] *Twombly*, 550 U.S. at 547.

### c. Sexual Harassment and Hostile Work Environment Against DOTD

A plaintiff may bring a case of sexual harassment under a "hostile work environment" theory or a "quid pro quo" theory.[41] To establish a hostile work environment claim, a plaintiff must show: (1) the plaintiff belonged to a protected group; (2) the plaintiff was subject to unwelcome sexual harassment; (3) the harassment was based on gender; (4) the harassment affected a "term, condition, or privilege" of the plaintiff's employment; and (5) the employer knew or should have known of the harassment and failed to take prompt remedial action.[42]

Defendants do not dispute the first, second, third, or fifth elements. With respect to the fourth element, Defendants argue that Tobin has not adequately pleaded that he was subjected to conduct that affected a term, condition, or privilege, of his employment. Specifically, Defendants assert that the conduct complained of by Tobin were isolated incidents that were not severe or pervasive enough to affect a condition of his employment.[43] Defendants further allege that Tobin's complaint does not show how these actions interfered with his work performance.[44] Defendants cite cases involving summary judgment motions in support of their argument. At the motion to dismiss stage, however, the Court "accept[s] well-pleaded facts as true and view[s] them in the light most favorable to the plaintiff."[45] Applying this standard,

---

[41] *See Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 751 (1998).
[42] *Harvill v. Westward Commc'ns, L.L.C.*, 433 F.3d 428, 434 (5th Cir. 2005).
[43] *See* R. Doc. 64-2 at 6.
[44] *See* R. Doc. 64-2 at 7.
[45] *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673 (5th Cir. 2007).

the Court finds that Tobin's allegation that he was disturbed enough to repeatedly report the incidents and that he was held at knife point to sufficiently plead that the harassment affected a term, condition, or privilege of his employment and denies Defendants' motion to dismiss on this ground.

### d. Assault

Tobin conceded that his assault claim under Louisiana law against Boone has prescribed.[46] Accordingly, Tobin's assault claim is dismissed with prejudice.

### e. Punitive Damages Pursuant to 42 U.S.C. § 1981a(b)(1)

In his Second Amended Complaint, Tobin prayed for punitive damages against the DOTD.[47] In its motion to dismiss, the DOTD argues that Tobin is not entitled to recover punitive damages against them as a governmental agency.[48] In response, Tobin withdrew his request for punitive damages pursuant to 42 U.S.C. § 1981a(b)(1).[49] Although Tobin withdrew the claim for punitive damages in his opposition, he did not propose an amended complaint to that effect. Accordingly, Defendants' motion to dismiss Tobin's claim for punitive damages is granted.

### f. Request for Leave to Amend Complaint

Lastly, Tobin requested leave to amend his Second Amended Complaint under Rule 15(a).[50] Though leave to amend under Rule 15(a) is to be freely given, "[d]enying a motion to amend is not an abuse of discretion if allowing an amendment would be

---

[46] R. Doc. 71-1 at 4.
[47] *See* R. Doc. 62, ¶ 37B.
[48] *See* R. Doc. 64-2 at 9.
[49] R. Doc. 71-1 at 4.
[50] *See* R. Doc. 71-1 at 4–5.

futile."[51] This suit has been pending for three years and is based on facts that occurred five years ago. Tobin has already amended his complaint twice, and in his request for leave to replead a third time, he did not explain how he would amend his pleadings to cure any defects.[52] Instead, he stated that he "can readily cure any alleged defects with an amended complaint further detailing the facts that support his claims."[53] Since Tobin neither proffered a proposed third amended complaint nor explained how he would cure any defects through a third amended complaint after this many years, the Court finds that any further amendment to his complaint would be futile. Accordingly, his request to amend his Second Amended Complaint is denied.

---

[51] *Strickland v. Bank of New York Mellon*, 838 F. App'x 815, 821 (5th Cir. 2020) (quoting *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014)).
[52] The Fifth Circuit has affirmed a district court's denial of leave to amend for similar reasons. *See Strickland*, 838 F. App'x at 821; *Goldstein v. MCI WorldCom*, 340 F.3d 238, 255 (5th Cir. 2003) (finding no abuse of discretion when the plaintiff did not proffer a proposed second amended complaint to the district court, and did not suggest in their responsive pleadings any additional facts not initially plead that could, if necessary, cure the pleading defects raised by the defendants).
[53] *See* R. Doc. 71-1 at 4.

## IV. CONCLUSION

For the reasons set forth herein, Defendants' Partial Motion to Dismiss (R. Doc. 64) is hereby **GRANTED IN PART AND DENIED IN PART** as follows

**IT IS ORDERED** that the motion is granted insofar as all Title VII claims by Plaintiff, Bobby Ray Tobin, asserted against Anthony Boone and Jane Doe, in their individual capacities, are hereby **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the motion is granted insofar as Plaintiff's sex discrimination, assault, and punitive damages claim are hereby **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the motion is denied to the extent it seeks dismissal of Plaintiff's sexual harassment and hostile work environment claims against DOTD.

**THUS DONE AND SIGNED** this 15th day of October, 2025.

_____
**JERRY EDWARDS, JR.**
**UNITED STATES DISTRICT JUDGE**